# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORA MACUMBA,<br><br>          Plaintiff,<br><br>     vs.<br><br>JO ANNE BARNART,<br>Commissioner of Social Security,<br><br>          Defendant. | CASE NO. CV-F-04-6005 LJO<br><br>**MEMORANDUM DECISION AND ORDER ON PLAINTIFF'S APPEAL FROM ADMINISTRATIVE DECISION** (Doc. 18) |

Plaintiff Dora Macumba ("claimant") seeks judicial review of an administrative decision denying her claim for Supplemental Security Income under the Social Security Act ("Act"). Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties consented to proceed before a United States Magistrate Judge, and by an December 6, 2004 order, this action was assigned to United States Magistrate Judge Lawrence J. O'Neill for all further proceedings. Pending before the Court is claimant's appeal from the administrative decision of the Commissioner of Social Security ("Commissioner").

Claimant filed her complaint on July 23, 2004 and her opening brief on July 1, 2005. The Commissioner filed her opposition to the appeal on October 12, 2005. Claimant did not file a reply brief.

## BACKGROUND

### Administrative Proceedings

Claimant filed an application for supplemental security income under Title XVI of the Social Security Act on August 13, 2001. (Administrative Record "AR" 64-66.) She alleges a disability onset of June 1, 2000 due to stress and depression. (AR 64, 67-69.) Claimant's application for benefits was

denied and denied upon reconsideration. (AR 52-55, 58-61.) Claimant's application was further denied by an Administrative Law Judge ("ALJ") in a decision issued on April 8, 2003. (AR 17-22.) The Appeals Council denied review. (AR 4-6.) Claimant filed this action for judicial review pursuant to 42 U.S.C. § 405(g).

### Claimant's Background

Claimant was born on June 2, 1963. (AR 64.) The highest grade she completed was eighth grade. (AR 74.)

### Medical History

The ALJ admitted into evidence claimant's submitted medical records. The pertinent medical history is not summarized in this opinion. The Court finds that the medical records considered by the ALJ are not relevant to the current issues on appeal and therefore, the records are not summarized herein.

Pertinent to this appeal is claimant's description of her past relevant work. She described her last relevant work as with Fresno Community Hospital in the position of nutrition and food service. (AR 69.) She described the functions performed as: dish up cottage cheese and jello for breakfast carts; breakfast cart assist after feeding patients, inventory floor stock, clean and organize milk walk-in; set up carts; deliver carts; pass out trays. (AR 69.) She described that she uses tools and equipment, she uses technical knowledge and skills and writes for completed reports and similar duties. (AR 69.)

### Hearing Testimony

Since the sole issue on this appeal is the claimant's past relevant work, the Court summarizes the hearing testimony relative to this issue.

Claimant testified that she worked for Fresno Community and put food on trays as they were coming down an assembly line. (AR 547.) She took trays up to patients' rooms, and would take food orders from the patients. (AR 547.)

### ALJ Findings

In his April 8, 2003 decision, the ALJ characterized the "primary issue" before him as whether claimant was disabled. (AR 17.) In determining claimant was not disabled and not eligible for disability benefits, the ALJ made the following findings (AR 21-22):

1. The claimant has not engaged in substantial gainful activity since August 13, 2001, the date she filed her application for supplemental security income.

2. The medical evidence establishes that the claimant has a severe major depressive disorder, but that she does not have an impairment listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4. Her tendinitis, irritable bowel syndrome and heart palpitations are slight impairments which only have minimal, if any, effect on her ability to work.

3. The claimant's subjective complaints and alleged functional limitations are not as severe asserted and are only partially credible.

4. The claimant has the residual functional capacity to perform work at all exertional levels involving simple repetitive tasks and has all the other requisite mental work-related abilities. 20 CFR §416.945.

5. The claimant's past relevant work as a food server did not require the performance of the work-related activities precluded by the above limitation(s). 20 CFR §416.965.

6. The claimant's impairment does not prevent the claimant from performing her past relevant work.

7. The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of the decision. 20 CFR §416.920(e).

## DISCUSSION

### Standard of Review

Congress has provided a limited scope of judicial review of a Commissioner's decision. *See* 42 U.S.C. § 405(g). A court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Sanchez v. Secretary of Health & Human Services*, 812 F.2d 509, 510 (9th Cir. 1987) (two consulting physicians found applicant could perform light work contrary to treating physician's findings). Substantial evidence is "more than a mere scintilla" (*Richardson v. Perales*, 402 U.S. 389, 402 (1971)), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). Substantial evidence "means such evidence as a reasonable mind might accept as

adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

The record as a whole must be considered, weighing both the evidence that supports and detracts from the Commissioner's conclusion. *Jones,* 760 F.2d at 995. If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

Thus, this Court reviews the Commissioner's decision pursuant to 42 U.S.C. § 405(g) to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole. *Copeland v. Bowen*, 861 F.2d 536, 538 (9th Cir. 1988).

Claimant contends the ALJ erred by improperly evaluating the evidence at Step 4 of the sequential analysis.

## **The Sequential Analysis**

To qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382(a)(3)(A).

To achieve uniformity of decisions, the Commissioner has promulgated regulations which contain, inter alia, a five-step sequential disability evaluation to determine whether a claimant is physically or mentally disabled. 20 C.F.R. §§ 404.1520 (a)-(f) and 416.920(a)-(f). If during any point of this review, it is determined that the claimant is not disabled, the claim is not to be considered further. 20 C.F.R. §§ 404.1520(a) and 416.920(a). The five-step process is summarized as follows:

1. Determination of whether the claimant is engaged in substantial gainful activity, and if so engaged, the claimant is not presumed disabled and the analysis ends;

2. If not engaged in substantial gainful activity, determination of whether the claimant has a severe impairment; if the claimant does not, the claimant is not presumed disabled and the analysis ends;

3. If the claimant has a severe impairment, determination of whether any such severe

|     |     |                                                                                              |
| --- | --- | -------------------------------------------------------------------------------------------- |
|     |     | impairment meets any of the impairments listed in the regulations;[1] if the claimant does have such an impairment, the claimant is disabled and the analysis ends;[2] |
|     | 4.  | If the claimant's impairment is not listed, determination of whether the impairment prevents the claimant from performing his or her past work;[3] if the impairment does not, the claimant is not presumed disabled and the analysis ends; and |
|     | 5.  | If the impairment prevents the claimant from performing his or her past work, determination of whether the claimant can engage in other types of substantial gainful work that exist in the national economy;[4] if the claimant can, the claimant is not disabled and the analysis ends. |

The claimant has the initial burden of proving the existence of a disability within the meaning of the Act. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990). The claimant establishes a prima facie case of disability by showing that a physical or mental impairment prevents him from engaging in his previous occupation. *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984); 20 C.F.R. §§ 404.1520(f) and 416.920(f).

## Past Relevant Work

The issue in this case is whether the ALJ properly determined that claimant could perform her past relevant work.

At step four, the ALJ determines whether the impairments preclude claimant from performing her past relevant work. At step four, claimants have the burden of showing that they can no longer perform their past relevant work. 20 C.F.R. §§ 404.1520(e) and 416.920(e); *Pinto v. Massanari*, 249

---

[1]   *See* 20 C.F.R. Part 404, Subpt. P, App. 1.

[2]   If a claimant is found to have an impairment which meets or equals one of the listed impairments, a conclusive presumption of disability applies and the claimant is entitled to benefits. *See Marcia v. Sullivan*, 900 F.2d 172, 174 (9th Cir. 1990) (citing *Williams v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987); *Key v. Heckler*, 754 F.2d 1545, 1548) (9th Cir. 1985).

[3]   At this stage of the analysis, the ALJ should consider the demands of the claimant's past work as compared with his or her present capacity. *Villa v. Heckler,* 797 F.2d 794, 797 (9th Cir. 1986) (citations omitted); 20 C.F.R. § 416.945(a).

[4]   At this stage of the analysis, the ALJ should consider the claimant's residual functional capacity and vocational factors such as age, education and past work experience. 20 C.F.R. §§ 404.1520(f) and 416.920(f).

1  F.3d 840, 844 (9th Cir. 2001). Although the burden of proof lies with the claimant at step four, the ALJ
2  still has a duty to make the requisite factual findings to support his conclusion. SSR 82-62; *Pinto v.*
3  *Massanari*, *supra*, 249 F.3d 840, 844.

>  To be capable of performing her past relevant work, the claimant must be able to perform:
>
>  1. The actual functional demands and job duties of a particular past relevant job; or
>
>  2. The functional demands and job duties of the occupation as generally required by employers throughout the national economy.

SSR 82-61; *Pinto v. Massanari*, 249 F.3d at 844. This requires specific findings as to the claimant's residual functional capacity, the physical and mental demands of the past relevant work, and the relation of the residual functional capacity to the past work. SSR 82- 62 (emphasis added). The ALJ may draw on two sources of information to define the claimant's past relevant work as actually performed: (1) the claimant's own testimony, and (2) a properly completed vocational report. *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). Plaintiff meets her burden and overcomes the presumption created by use of the DOT if she can demonstrate that the duties in her particular work *as actually performed* were not contemplated by the drafters of the DOT. *Villa v. Heckler,* 797 F.2d 794, 797-98 (9th Cir1986).

There is no dispute that claimant could perform the exertional demands of her past relevant work. (AR 549.) The dispute centers on claimant's non-exertional limitations due to depression and inability to concentrate.

Claimant argues that there is not substantial evidence to support a finding that she can perform her past relevant work either as <u>actually performed</u> or as <u>performed in the national economy</u>. Claimant argues that the ALJ's finding that plaintiff was limited to simple, repetitive work precludes her from performing her past relevant work because such work requires more complex reasoning than she is capable of performing. Claimant argues that if she is capable of only simple, repetitive work, it is below a reasoning level two, which is the minimum reasoning skill of her past relevant work. Claimant argues that the ALJ misidentified the DOT categorization of claimant's past relevant work as a "kitchen helper," rather than a "food service worker, hospital" and thus improperly evaluated her ability to perform her past relevant work.

The Commissioner acknowledges the ALJ's error in referring to the *Dictionary of Occupational*

*Titles*, position of "kitchen helper," but argues that there is substantial evidence that claimant could perform her past relevant work as <u>actually performed</u>. *See, generally*, *Pinto v. Massanari*, 249 F.3d at 845 ("We have never required explicit findings at step four regarding a claimant's past relevant work both as generally performed *and* as actually performed. The vocational expert merely has to find that a claimant can or cannot continue his or her past relevant work as defined by the regulations above.") In *Pinto*, claimant argued that the ALJ committed reversible error when he indicated in his questioning of the vocational expert that he was basing his decision only on whether Pinto could perform her past relevant work "as generally performed" without making a finding about her past relevant work as actually performed. The Ninth Circuit stated that the vocational expert merely has to find that a claimant either can or cannot continue his or her past relevant work as defined by applicable regulations. *Id.* at 845.

The ALJ relied upon the consultative psychiatric examiner's opinion that claimant was able to understand, carry out and remember simple as well as one and two step job instructions. (AR 20.) See SSR 82-62 (stating that an ALJ's decision regarding the functional capacity to perform past work "must be developed fully ... clearly and explicitly ... presumptions, speculations and suppositions must not be used"). The ALJ also relied upon the state agency medical consultants that claimant had the "mental residual functional capacity to perform simple repetitive tasks and has all the other requisite mental work-related abilities." (AR 21.) The ALJ found her capable of a food server position defined in the *Dictionary of Occupational Titles* 318.687-101-kitchen helper. (AR 21.)

The *Dictionary of Occupational Titles* ("DOT") is "the Secretary's primary source of reliable job information."[5]  *See Terry v. Sullivan*, 903 F.2d 1273, 1276 (9th Cir.1990); *cf.*, 20 C.F.R. §404.1566(d)(1); 416.968(a). One purpose of the DOT is to classify identified job titles by their

---

[5] The Occupational Information Network (O*NET), which defines and describes occupations, is an electronic successor to the DOT. The current O*NET database of occupational information is based largely on data supplied by occupational analysts using sources such as the DOT. See the U.S. Dep't of Labor website, http://online.onetcenter.org/skills/. O*NET descriptors include: skills, abilities, knowledge, tasks, work activities, work context, experience levels required, job interests, and work values/needs. Basic skills measured by O*Net are active learning and listening, critical thinking, learning strategies, mathematics, monitoring, reading comprehension, science, speaking, and writing. However, the organization of the data in the prototype version of O*NET does not parallel SSA's disability determination process, as does the DOT. See Charles T. Hall, Social Security Disability Practice, Ch. 3, Cross-examining Vocational Experts- the Dictionary of Occupational Titles, § 3:30 (2005).

exertional and skill requirements. *Terry*, 903 F.2d at 1276; 20 CFR §404.1569. For each job described, the *Dictionary of Occupational Titles* specifies the type of reasoning capabilities the job requires. 2 U.S. Dep't of Labor, *Dictionary of Occupational Titles,* p. 1010-11 (4th ed.1991). Unskilled work requires no skills at all and involves only simple duties. 20 C.F.R. §404.1568 (a); 416.968(a). A level one reasoning for unskilled work requires the application of "commonsense understanding to carry out simple one- or two-step instructions." *Dictionary of Occupational Titles*, p.1011("Apply commonsense understanding to carry out simple one- or two-step instructions.") Level two reasoning for unskilled work requires the application of "commonsense understanding to carry out detailed but uninvolved written or oral instructions." *Dictionary of Occupational Titles*, p. 1011. Many of the jobs listed require level two reasoning or higher in the unskilled job category. *See e.g.*, *Lucy v. Chater*, 113 F.3d 905, 909 (8th Cir. 1997)(A vocational expert is required to consider borderline intellectual functioning condition, along with the claimant's other impairments, to determine how the condition impacts upon the claimant's residual functional capacity, even though the claimant's borderline intellectual functioning may not rise to the level of a disability by itself.) Thus, the issue is whether a job with a reasoning level two, or higher, is in excess of claimant's ability to perform "simple, repetitive tasks."

One recent decision has considered this issue and is well reasoned. *Meissl v. Barnhart*, - F.Supp.2d -, 2005 WL 3370788 (C.D. Cal. 2005) held that the ability to perform "simple and repetitive" tasks falls within a level two reasoning. In *Meissl,* as in the instant case, the ALJ found claimant capable of performing simple tasks performed at a routine or repetitive pace. The ALJ found claimant capable of performing a "stuffer" job, which required level two reasoning. On appeal to the District Court, plaintiff argued, as the claimant does here, that a job requiring a level two reasoning is beyond that contemplated as "simple, repetitive." *Meissl v. Barnhart*, 2005 WL 3370788 *1. The District Court acknowledged the DOT employs a much more graduated, measured and finely tuned scale, for remembering and understanding, starting from the most mundane ("simple one- or two-step instructions" at level one), moving up to the most complex ("applying principles of logical or scientific thinking ... apprehend the most abstruse classes of concepts" at level six). DOT at 1010-1011; *Meissl v. Barnhart*, 2005 WL 3370788, *3. The Court rejected plaintiff's argument that "simple and repetitive" equated solely to a "level one reasoning." The Court stated that so "encapsulating" any job with a reasoning

level of two or higher would be contrary to the "finely calibrated nature" of the DOT's measures of a job's simplicity. *Id.* The Court then contrasted what would be considered a "level one" reasoning job.

> "A reasoning level of one indicates, both by the fact that it is the lowest rung on the development scale as well as the fairly limited reasoning required to do the job, as applying to the most elementary of occupations; only the slightest bit of rote reasoning being required. For example, the DOT describes the following jobs as requiring only a reasoning level of one: Counting cows as they come off a truck (job title Checker (motor trans.)); pasting labels on filled whiskey bottles (job title Bottling-Line Attendant (beverage)); and tapping the lid of cans with a stick (job title Vacuum Tester, Cans). See DOT at 931, 936, 938." *Meissl v. Barnhart*, 2005 WL 3370788, *4.

The Court then held that a level two reasoning is consistent with simple, routine, repetitive, concrete and tangible tasks. *Id.; But see Allen v. Barnhart*, 2003 WL 22159050 (N.D.Cal.2003) (noting that jobs with reasoning level of 2, which presupposes ability to follow detailed and involved instructions, exceeded administrative law judge's limitation to simple, routine tasks).

    Here, had claimant's past relevant work as a "Food Server, Hospital" required a level two reasoning, the Court would affirm the ALJ's finding that claimant can perform simple, repetitive tasks. However, claimant's past relevant work requires a reasoning level three, according to the DOT. A level three reasoning requires: "apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations." *See e.g, Justason v. Barnhart*, 2005 WL 3263934, *5 (D.Me. 2005) (a limitation of "routine, repetitive tasks" is inconsistent with a job, which requires a reasoning level of 3); *Hodgson v. Barnhart*, 2004 WL 1529264, *1 (D.Me. 2004) (the residual functional capacity to carry out more than simple, occasionally detailed, non-complex instructions but it is not consistent with a reasoning level of 3.) The ALJ did not properly consider the reasoning level of claimant's past relevant work. Therefore, there is not substantial evidence that the claimant can perform her past relevant work, either as performed or as performed in the national economy.[6]

---

[6] The Commissioner argues that the ALJ found claimant was capable of performing her past relevant work <u>as actually performed</u>. The ALJ, however, did not address the evidence of claimant's performance of work which involved use of tools and equipment, use of technical knowledge and skills and written completed reports and similar duties. (AR 69.) While the Ninth Circuit has long held that ALJ does not need to discuss all evidence presented to him, an ALJ must explain why significant and probative evidence has been rejected. *Vincent v. Heckler,* 739 F.2d 1393, 1394-95 (9th Cir.1984). In

The Commissioner argues claimant's work is "unskilled" work and can be performed by a person who could do simple, repetitive work. (Opposition Brief p.8:5-8.)

This same argument was made and rejected in *Meissl v. Barnhart*. Unskilled work is defined under Social Security regulations as requiring little or no judgment to do simple duties that can be learned on the job in a short period of time. See 20 C.F.R. § 416.968(a). *Meissl v. Barnhart*, 2005 WL 3370788, *2. The specific vocational preparation ("SVP") level in a DOT listing indicating unskilled work, does not address whether a job entails only simple, repetitive tasks. *Meissl v. Barnhart*, 2005 WL 3370788, *2. A job's SVP is focused on "the amount of lapsed time" it takes for a typical worker to learn the job's duties. DOT at 1009. A job's reasoning level, by contrast, gauges the minimal ability a worker needs to complete the job's tasks themselves. *Meissl v. Barnhart*, 2005 WL 3370788, *2. Thus, whether work is "unskilled" does not precisely address the reasoning level required by the work. Failure to consider the reasoning level is the error raised by claimant.

The Commissioner argues that even if there was error at step 4, it was harmless because at step 5, claimant would have been found disabled under the grids.[7] (Opposition Brief p.8.) This argument, however, also assumes that the claimant meets the reasoning level for all unskilled work within the applicable grid. Claimant has mental restrictions which may not correspond her qualifications precisely to the job requirements identified by the grids. Given that the ALJ did not consider whether claimant could perform the reasoning level of her past relevant work, it is unclear whether the mental restriction would likewise impact the ability to perform other work in the economy. That is the error that must be addressed.

---

this case, failure to consider all functions of her past relevant work, coupled with the error in identifying claimant's past relevant work, results in reversible error.

[7] In 1978, the Secretary of Health and Human Resources promulgated the Medical-Vocational Guidelines (also known as "Grids") to improve the efficiency and uniformity of Social Security disability benefits determination. *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). The Grids take account of various vocational factors, such as age, education and work experience, and the claimant's residual functional capacity. 20 C.F.R. Pt. 404, Subpt. P, App. 2 (1985). The Grids relieve the SSA of the need to rely on vocational expert testimony in cases where the underlying findings of fact correspond precisely to the criteria of a specific rule in the guidelines. *Heckler v. Campbell*, 461 U.S. 458, 462, 103 S.Ct. 1952 (1983). Where a claimant's qualifications correspond to the job requirements identified by a rule, the Grids direct a conclusion as to whether work exists that the claimant could perform. *Id.*

**CONCLUSION**

The decision of the ALJ is therefore REVERSED and the case remanded to the Commissioner, pursuant to 42 U.S.C. §404(g).  The case is REMANDED for more specific findings regarding claimant's ability to perform her past relevant work or other work available in the national economy.

IT IS SO ORDERED.

Dated:   December 20, 2005             /s/ Lawrence J. O'Neill
b9ed48                                 UNITED STATES MAGISTRATE JUDGE